**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

NOE ISAAC RAMIREZ-ESQUIVEL,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

**CASE NO.** 5:26-CV-05893-CTS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On October 1, 2026, Petitioner Noe Isaac Ramirez-Esquivel ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California and being held in violation of the Constitution and laws of the United States. (*See generally id.*) The Petition and concurrently submitted documents provide the following facts.[1]

[1] Because Respondents have not provided information about Petitioner, all facts contained herein are taken directly from the Petition unless otherwise noted.

Petitioner appears to have entered the United States on or around August 22, 2023, near El Paso, Texas, together with a child who at the time would have been about four years old. Some of the documents submitted with the Petition include both Petitioner's name and the child's, and identify Petitioner's as the "lead file." (Pet. 20–25.) Other documents include only the child's name. (*Id.* at 9–19.) The relationship between the two is not provided. They appear to have been released from custody on August 24, 2023, on an Order of Release on Recognizance ("OREC"), after ICE determined that Petitioner was not a danger or a flight risk. (*Id.* at 6, 9.) After release, they appear to have resided together in Frederick, Maryland. (*Id.* at 18, 20.) On March 5, 2026, Petitioner was taken back into custody. (*Id.* at 2.) He did not receive any prior notice or a pre-detention custody hearing. (*Id.*) He was not provided with any reason for his re-detention or a chance to contest his arrest. (*Id.*) He seeks immediate release from detention, as well as an injunction against re-detention without providing him with at least seven days' notice and a pre-deprivation hearing before an immigration judge. (*Id.* at 7.) ICE's Online Detainee Locator System indicates that Petitioner is from Guatemala. https://locator.ice.gov/odls/#/search (last visited Oct. 14, 2026). The Department of Justice, Executive Office for Immigration Review Automated Case Information website indicates that Petitioner's removal proceedings were appealed to the Board of Immigration Appeals on May 5, 2026. https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 14, 2026).

On October 6, 2026, Respondents were served with the Court's Notice of General Order 26-05 and Briefing Schedule, pursuant to which Respondents' Notice of Appearance was due October 9, 2026, and their Answer was due October 13, 2026. (ECF No. 5.) As of the date of this Order, Respondents have not answered or otherwise responded to the Petition and have not appeared in the case. The Court understands that Respondents' lack of response is a deliberate choice and not inadvertent. The Court therefore considers the lack of response as reason to

grant the relief requested.[2]

IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the unopposed Petition;
2. Respondents MUST RELEASE **Petitioner Noe Isaac Ramirez-Esquivel (A 246-860-566)** from custody within 24 hours of entry of this Order;
3. Respondents are ENJOINED from re-detaining Petitioner without providing Petitioner with at least seven days' notice and a pre-deprivation hearing before an immigration judge; and
4. The Court retains jurisdiction over this case to enforce compliance with its Judgment.

DATED: October 14, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE

---

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (internal quotation omitted). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (alteration in original) (internal quotation omitted).